UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| **DANIEL DELGADO, ET AL.,** § | |
| **Plaintiffs** § | |
| § | |
| v. § | C.A. No. 2:06-cv-137 |
| § | |
| **HASS-ANDERSON CONSTRUCTION,** § | |
| **LTD., ET AL.** § | |
| **Defendants** § | |

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO REMAND**

On June 15, 2006, the Court heard Plaintiffs' and Intervenor's Motion to Remand (D.E. 10). At the conclusion of the hearing, the Court instructed Plaintiffs and Intervenor ("Plaintiffs") to review the documents produced by the Texas Department of Transportation ("TxDOT") and submit to the Court any evidence of contractual non-compliance by Haas-Anderson Construction, Ltd. ("Haas-Anderson"). Having since reviewed all parties' supplemental briefing, the Court finds Plaintiffs' Motion to Remand should be GRANTED.

When a defendant removes a case to federal court on a claim of improper joinder, the district court must first determine whether the removing party has carried its heavy burden of proving that the joinder was improper. *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). In making such a determination, the courts must resolve all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party. *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000). However, a federal district court should not conduct a full-scale evidentiary hearing on questions of fact affecting the

1

ultimate issues of substantive liability in order to make the preliminary determination as to the existence of subject-matter jurisdiction. *Green v. Amerada Hess Corp.*, 707 F.2d 201, 203 (5th Cir. 1983). Nevertheless, the court has the discretion to pierce the pleadings and conduct a summary inquiry only to identify the presence of discrete and undisputed facts which would preclude the plaintiff's recovery against an in-state defendant. *Smallwood*, 385 F.3d 573. The inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden. *Id.* at 574.

There are two ways a diverse defendant may establish that an in-state defendant was improperly joined to defeat removal: (1) actual fraud in pleading jurisdictional facts; or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Smallwood,* 385 F.3d 573. In this case, Defendants argue the second means of improper joinder. Here, the test is whether the removing Defendant can demonstrate that there is no possibility of recovery by the plaintiff against an in-state defendant. *Id.*

In its Original Petition, Plaintiffs assert Haas-Anderson was negligent in resurfacing and paving FM 624, where the collision forming the basis of this lawsuit occurred. Defendants assert Haas-Anderson was improperly joined because it is immune from liability under TEX. CIV. PRAC. & REM. CODE §97.002. Specifically, Defendants argue Haas-Anderson fully complied with its contractual obligations to TxDOT and that Plaintiffs have not presented any evidence showing otherwise. As mentioned above, during the hearing on Motion to Remand, the Court ordered Plaintiffs to review certain documents and submit any evidence of Haas-Anderson's alleged non-compliance. In response, Plaintiffs filed a

supplemental brief with attached exhibits to show various areas of non-compliance. Defendants argue these exhibits do not establish that Haas-Anderson's alleged non-compliance proximately caused Plaintiffs' injuries.

To determine whether joinder is improper in this case, the Court must decide whether Plaintiffs have any possibility of recovering against Haas-Anderson. Such a determination necessarily depends on whether the road was built within specifications and if not, can cause be attributed to the failure to meet specifications. This Court is admonished in *Smallwood* to not weigh the evidence in order to make such a finding. *Smallwood*, 385 F.3d 573-574. In light of the exhibits presented by Plaintiffs, the Court determines that Defendants have failed to demonstrate that Plaintiffs have no possibility of recovery against Haas-Anderson.

Therefore, the Court finds this case was removed without jurisdiction and is ordered remanded to County Court at Law No. 1 of Nueces County, Texas pursuant to 28 U.S.C. §1447(c) and (d).

ORDERED November 6, 2006.

_____
HAYDEN HEAD
CHIEF JUDGE